IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ORLANDO FOREMAN,   *
      Petitioner

      *   CIVIL ACTION NO. DKC-13-1377

TIMOTHY S. STEWART, et al.,   *
      Respondents.

*****

# MEMORANDUM

## Procedural History

On May 9, 2013, this court received for filing a 28 U.S.C. § 2241 Petition from Orlando Foreman ("Foreman") who is incarcerated that the Federal Correctional Institution in Cumberland, Maryland. ECF No. 1. Foreman contended that he was illegally confined because he has completed his federal sentence and is detained on a parole violator warrant but has not been provided a parole revocation hearing in a timely manner in violation of his due process rights. *Id*. After the Petition was filed, a parole revocation hearing was held, parole was revoked, and Petitioner was ordered to serve the remainder of his sentence. Petitioner then amended his petition, abandoning the claim regarding the untimely holding of his revocation hearing, but arguing that the Commission unlawfully continued him to the expiration of his sentence without affording him a hearing under the parole commission's criteria articulated at 18 U.S.C. §4206(d) and 28 C.F.R. § 2.53.

For reasons to follow, the Petition (both original and amended) shall be denied and dismissed.

## Arguments

Respondents' records show that on October 8, 1987, Foreman was sentenced to an 18 year term of imprisonment for bank robbery by the United States District Court for the District of Delaware. ECF No. 8, Ex. 1. Foreman was paroled from this sentence on March 5, 1995. He was to remain under parole supervision until June 10, 2005. *Id*., Ex. 2.

On September 19, 1996, the United States Parole Commission was advised that Petitioner had been convicted of possession of a firearm by a prohibited person in the United States District Court for the District of Delaware. Foreman was scheduled to be sentenced on November 12, 1996. *Id*., Ex. 3. On that same date, the Commission issued a warrant charging Foreman with violating the conditions of parole by possessing a firearm. *Id*., Ex. 3 & 9. The United States Marshals Service was instructed by the Commission that the warrant should be placed as a detainer and that Foreman should be taken into custody when released, which was tentatively scheduled for January 31, 2013. *Id*., Ex. 1 & 4.

Foreman was sentenced on November 7, 1996, by the United States District Court for the District of Delaware to a 235 month term of imprisonment, with three years' supervised release, for his firearm possession conviction. On November 27, 1996, the Commission supplemented the September 19, 1996 warrant application, indicating that Foreman had been convicted of possession of a firearm by a prohibited person and sentenced to a 235 term of imprisonment. *Id.,* Exs. 1 & 5.

The Commission again supplemented the warrant on March 10, 1997, noting additional violations including second degree robbery, first degree burglary, attempted robbery, menacing and reckless endangering for which Foreman had been convicted in the Superior Court of New Castle County Delaware. *Id*., Ex. 6. Thereafter, a detainer was placed on Foreman while he served his federal sentence. *Id*., Ex. 7.

On September 1, 1998, after completing an on the record review of the detainer, Foreman was notified by the Commission that it had ordered the detainer stand. *Id*., Ex. 8.

On January 31, 2013, Foreman came into custody of the Commission when its warrant was executed. *Id*., Ex. 9. A parole revocation hearing was held on June 3, 2013. *Id*., Ex. 10. The Commission advised Foreman on July 2, 2013, that it had revoked his parole, ordered he receive no credit for time spent on parole and ordered that he serve to the expiration of his sentence. *Id*., Ex. 11. The Commission's determination was based on a finding that Foreman had violated the terms of his parole given his convictions in the United States District Court for the District of Delaware and Superior Court of New Castle County, Delaware. *Id*.

Respondents argue that the original Petition is subject to dismissal as the proper remedy for a delayed hearing is not habeas relief, but rather mandamus. They further opine that Foreman has not shown unreasonableness or prejudice from the delay in holding his revocation hearing. Respondents also assert that Foreman's Petition is moot as the only relief to which he is entitled, the conducting of a hearing, has occurred. ECF No. 8.

Foreman replied indicating his abandonment of the claim regarding the untimely holding of his revocation hearing. Instead he argues that the Commission unlawfully continued him to the expiration of his sentence without affording him a hearing under the parole commission's criteria articulated at 18 U.S.C. §4206(d) and 28 C.F.R. § 2.53.

Respondents indicate that during Foreman's revocation hearing the parole violations were not in dispute given the fact that the violations were conclusively established by Foreman's two intervening criminal convictions. Respondents further maintain that applying § 4206(d) to Foreman's convictions would have caused the Commission to find "a reasonable probability that [Petitioner] will commit any Federal, State or local crime" and thus revocation of parole and continuation to the expiration of his sentence was proper. ECF Nos. 16 and 18. Lastly, they

3

claim that Foreman was not entitled to a hearing pursuant to § 4206(d) as he did yet not meet the statutory requirements for same. *Id*.

**Analysis**

The court has reviewed the record and finds that Foreman's Petition (original and amended) is without merit. He complains that he was denied a timely revocation hearing and the record evidence demonstrates that Foreman's revocation hearing was not scheduled within 90 days of the January 31, 2013 retake date as required by the Commissions regulations. Foreman has, however, failed to demonstrate prejudice arising from the brief delay.

The Supreme Court has recognized a liberty interest in the context of parole revocation. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The revocation hearing must take place within a reasonable period of time after the parolee has been taken into custody. *Id*. at 485. The due process rights delineated in *Morrissey*, include: written notice of claimed violations of parole; disclosure of evidence; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and written statement by fact-finders as to evidence relied on and the reasons for revoking parole. These rights apply to parolees who have been taken into custody solely to consider possible revocation of parole. *Id*. at 488 ("execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation").

The warrant in this case was executed on January 31, 2013, and a revocation hearing did not take place until June 3, 2013—outside the 90 days required by 28 C.F.R. § 2.102(f). The inquiry, however, does not end there. To be entitled to relief, Petitioner must establish that the

4

delay was both unreasonable and prejudicial. *See Gaddy v. Michael*, 519 F.2d 669, 673 (4th Cir. 1975). Prejudice is established only where the delay deprives the parolee a fair opportunity to defend himself against the revocation charges. Inasmuch as the basis for Petitioner's parole warrant was that he committed new offenses, for which he stands convicted, the delay in this case did not prejudice his ability to defend himself. *See id.* at 678 (parolee must show what evidence and what witnesses he would have presented at a timely hearing and were unavailable due to delay). As observed by the Supreme Court, "a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrisey* 408 U.S. at 490. *See McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1997) ("Delay *per se* does not constitute a violation of due process entitling an accused parole violator to immediate release where the parolee has finally been afforded the revocation hearing and the facts of the violation fairly adjudicated.") Petitioner has failed to demonstrate any prejudice to his ability to present evidence in his defense at the revocation hearing. In fact, as here, during his revocation hearing while noting the delay in holding the hearing Foreman was unable to articulate how the delay hindered his ability to defend himself.[1] ECF No. 8, Ex. 10.

Petitioner's amended claim is likewise unavailing. Under the Sentencing Reform Act of 1984 ("SRA"), federal parole was abolished and the Parole Commission was to be phased out over time. *Bledsoe v. United States*, 384 F.3d 1232, 1233 (10th Cir. 2004). The Parole Commission was to be kept in existence for five years after the effective date of the SRA, in

---

[1] Petitioner's claim is also moot. Mandamus, not habeas relief, is the appropriate remedy for delay in a parole hearing. *See e.g., Heath v. U.S. Parole Commission*, 788 F. 2d 85 (2d Cir. 1986) (appropriate remedy for late dispositional review is mandamus to compel review, not habeas relief); *Sutherland v. McCall*, 709 F.2d 730,732 (D.C. Cir. 1983) (holding mandamus is the appropriate remedy for delay in revocation hearing, not habeas corpus relief); *Smith v. United States* 577 F.2d 1025, 1028 (5th Cir. 1978) (inmate entitled only to an order to conduct a hearing). As Foreman has now received a revocation hearing he has received all of the remedy he was otherwise entitled to and his claim is moot.

order to process inmates whose convictions predated the SRA and who would still be incarcerated by that date. The Commission's operation has been extended multiple times since the effective date of the SRA, most recently in 2011. *Id.*; *Bowers v. Keller*, 651 F.3d 1277, 1281 (11th Cir.2011); *Pub.L. No.* 112–44 (United States Parole Commission Extension Act of 2011). Statutes relating to the Parole Commission, 18 U.S.C. §§ 4201–4218, were repealed but remain in effect for prisoners, like Foreman, who are under the authority of the Commission. *Id*. Section 4206 "Parole determination criteria" read as follows, prior to repeal:

> (d) Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, that the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

Under 28 C.F.R. § 2.53(d), promulgated under the authority of the statutes relating to the Commission, and which applies to mandatory parole for revoked parolees, provides:

> A prisoner whose parole has been revoked and whose parole violator term is 5 years or more shall be eligible for mandatory parole under the provisions of this section upon completion of two-thirds of the violator term and shall be considered for mandatory parole under the same terms as any other eligible prisoner.

Thus, Foreman is not yet entitled to a hearing under 18 U.S.C. §4206(d) as he has not served two-thirds of his violator term. Foreman's sentence at the time of his re-incarceration was approximately ten years and two months. ECF No. 8, Ex. 2. The parole violator warrant issued on September 19, 1996, but was tolled until its execution on January 31, 2013. ECF No. 8, Ex. 9. *See Russie v. U.S. Dept of Justice*, 708 F. 2d 1445 (9th Cir. 1983) (issuance of parole violation warrant tolls running of sentence, which commences running when warrant is executed). Foreman will not be entitled to "mandatory parole" or a hearing under § 4206(d) until he has

6

served two-thirds of the parole violator term i.e., approximately six years and eight months after January 31, 2013. Accordingly, Foreman, is not entitled to the relief requested.

**Conclusion**

For the aforementioned reasons the Petition for writ of habeas corpus (original and amended) shall be denied and dismissed. The court declines to issue a certificate of appealability. A separate order follows.

Date: February 25, 2014           _____/s/_____
                                                      DEBORAH K. CHASANOW
                                                       United States District Judge